Ames
v.
Webber's Ex-
ecutors.

February 20.

---

### AMES & AMES *vs.* WEBBER'S EXECUTORS.

Where a suit is brought on a judgment, and a writ of error is prosecuted for the reversal of such judgment, it is usual to stay the proceedings in the suit until the determination of the writ of error, unless the court see that the writ of error is brought in *bad faith* or for the purpose of delay.

Where the error relied on was the entry of a judgment on a *verdict rendered after the death of the party*, but the trial in which the verdict was rendered was had in pursuance of a stipulation given in the lifetime of the party, on an application in his behalf at a previous circuit to put off the trial of a cause for the want of a witness, the court refused to stay the proceedings, and denied the motion for that purpose, with costs.

February 20.

THE defendants asked for a rule staying proceedings in this suit, which is an action on a judgment against the *testator* of defendants, until the determination of a writ of error sued out by them to reverse such judgment, the defendants alleging the judgment to be entered on a verdict rendered *since the*

*death of their testator.* The plaintiffs conceded the fact to be so, but showed that the trial was had after the death of the testator, in pursuance of a stipulation given during his lifetime, on an application in his behalf at a previous circuit, to put off the trial of the cause for the want of a witness, and that this court, upon application, had refused to relieve from the stipulation.

*S. Stevens,* for the defendants.

*D. Graham, jun.* for the plaintiffs.

*By the Court,* SUTHERLAND, J. Where an action is brought upon a judgment pending a writ of error, it is entirely in the discretion of the court to say whether the proceedings shall or shall not be stayed until the determination of the writ of error. It is usual to stay the proceedings, unless the court see clearly that the writ of error is brought in bad faith, or for the mere purpose of delay. 1 *Archb. Pr.* 220, 1, *and cases there cited.* The stipulation given at the circuit in this case, if valid and binding upon the parties in interest, is equivalent to a release of the error which the plaintiffs in error rely upon to reverse the judgment; and this court having refused to set aside that stipulation upon a motion made expressly for that purpose, have affirmed its validity. Although this decision does not preclude the parties from raising that or any other objection which appears on the face of the record, yet I think we are bound, under the circumstances of the case, to say that the writ of error is not brought in good faith, but that the object is delay, and on that ground this motion is denied, with costs.